IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER MARK CARRIER**                                                    **PLAINTIFF**

V.                                    CASE NO. 5:23-CV-5133

**FLINT JUNOD, Chief Executive Officer
of Turn Key Health Clinics, LLC;
HEAD NURSE TRACEY ROBISON,
Turn Key Health Clinics, LLC;
SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas;
OFFICER COLLER, Benton County
Detention Center (BCDC);
BENTON COUNTY, ARKANSAS;
HEATHER LOVELADY;
TURN KEY HEALTH CLINICS, LLC;
OFFICER JOHN DOE 1-10;
NURSE JANE DOE 1-4;
and JENNIFER BLAKELY**                                                         **DEFENDANTS**

## ORDER

Now before the Court is the Report and Recommendation ("R&R") (Doc. 23) of the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, who conducted a preservice screening of the Second Amended Complaint (Doc. 14) pursuant to 28 U.S.C. § 1915A. The R&R summarizes the claims as follows:

> (1) a claim against Benton County, Sheriff Holloway, Nurse Robison, Transport Officer John Doe, Detention Officers John Doe 1–4, Turn Key Medical, and Flint Junod for violating the jail's policies against transporting inmates with COVID-19 and allowing inmates who test positive for COVID-19 to be housed in general population;
>
> (2) a claim against Benton County, Sheriff Holloway, Nurse Robison, Flint Junod, Turn Key Health, Officer Coller, Heather Lovelady, Jennifer Blakely, Officers John Doe 1–10, Nurses Jane Doe 1–4, and Megan Rutledge for deliberate indifference relating to a leg injury and

subsequent infection that Plaintiff Christopher Mark Carrier suffered while he was incarcerated in the Benton County Detention Center;

(3) a claim against Benton County, Sheriff Holloway, Flint Junod, Turn Key Medical, Nurse Robison, Nurses Jane Doe 1–4, and Officers John Doe 1–6 related to these Defendants' alleged failure to provide Mr. Carrier with adequate post-surgery care for his leg; and

(4) a claim against Sheriff Holloway, Flint Junod, Turn Key Medical, Heather Lovelady, Officer Coller, Jennifer Blakely, Officers John Doe 1–10, and Nurses Jane Doe 1–6 for failing to supervise and train officers as to how to care for sick inmates.

The Magistrate Judge recommends dismissing all claims against Defendants Coller, Blakely, and Lovelady; all individual-capacity claims against Defendants Holloway and Junod; and all official-capacity claims against Defendant Robison. On October 27, 2032, Mr. Carrier filed Objections to the R&R (Doc. 29), and on November 3, Defendants Junod and Robison filed Objections (Doc. 30). The Court then undertook a *de novo* review of the record pursuant to 28 U.S.C. § 636(b)(1)(C), paying particular attention to those issues that drew objection.

Mr. Carrier objects to dismissing Defendants Coller and Lovelady from the lawsuit. He argues that they had an obligation to "dial 9-1-1" or otherwise report the fact that his leg injury was worsening and that the antibiotics he was being administered at the jail had no effect. (Doc. 29, p. 1). He further claims that these Defendants had first-hand knowledge of the extent of his injury because they viewed his leg, took photographs of it, and commented aloud that it looked "nasty." *Id.*

Having reviewed the Second Amended Complaint carefully, the Court finds it does not contain the factual allegations that Mr. Carrier claims. The Second Amended Complaint only alleges that Defendant Coller failed to provide Mr. Carrier with a clean

uniform and bandages on one occasion. As for Defendant Lovelady, the Second Amended Complaint only asserts that she failed to provide Mr. Carrier with a HIPPA waiver. *See* Doc. 14, p. 8. The facts in the Second Amended Complaint are insufficient to state any plausible legal claim against either Defendant Coller or Defendant Lovelady. Accordingly, Mr. Carrier's Objections are **OVERRULED**. With that said, however, Defendants Coller and Lovelady will be dismissed from the case *without prejudice* to Mr. Carrier's ability to file an amended pleading—with leave of Court—that asserts more facts.

As for Defendant Junod, he objects to the Magistrate Judge's recommendation that he be required to remain a party to the lawsuit until after Turn Key Medical has responded to the Second Amended Complaint. Mr. Junod protests that since no valid individual-capacity claims have been stated against him, there is no valid legal reason for him to remain a party to the lawsuit—even the short time it will take for Turn Key to be served and file a response. The Court agrees with Mr. Junod and **SUSTAINS** his Objection. He is subject to immediate dismissal.

Finally, Defendant Robison argues that she should be dismissed because Mr. Carrier failed to specify what medical treatment she gave him (or failed to give) while he was incarcerated in the Benton County Detention Center. The Court agrees with the Magistrate Judge that a plausible individual-capacity claim has been stated against Nurse Robison. Her Objection is therefore **OVERRULED**.

Accordingly, **IT IS ORDERED** that the R&R is **ADOPTED**, save and except for the Court's ruling as to Mr. Junod, as noted above. All claims against Defendants Coller,

Blakely, Lovelady, and Junod are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The Clerk is directed to **TERMINATE** these Defendants as parties.

**IT IS FURTHER ORDERED** that all individual-capacity claims against Sheriff Holloway and all official-capacity claims against Defendant Robison are **DISMISSED WITHOUT PREJUDICE**. Turn Key Medical will respond to Mr. Carrier's official-capacity claims concerning his medical treatment.

**IT IS SO ORDERED** on this 14th day of November, 2023.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE