IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER MARK CARRIER**                                                                      **PLAINTIFF**

V.                                            CASE NO. 5:23-CV-5133

**HEAD NURSE TRACEY ROBISON,**
Turn Key Health Clinics, LLC;
**SHERIFF SHAWN HOLLOWAY,**
Benton County, Arkansas; **BENTON COUNTY, AR;**
and **TURN KEY HEALTH CLINICS, LLC**                                                       **DEFENDANTS**

## ORDER

Now pending before the Court is the Report and Recommendation ("R&R") (Doc. 103) filed on November 19, 2025, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. On December 10, 2025, Plaintiff Christopher Mark Carrier filed Objections to the R&R (Doc. 106), which triggered this Court's *de novo* review of the record.

Mr. Carrier's medical file confirms that he was treated for a leg infection at the Benton County Detention Center. First, medical staff prescribed a topical antibiotic. When that did not take care of the infection, he was prescribed a stronger oral antibiotic—though he refused several doses. *See* Doc. 78-1, pp. 161, 32, 55, 56. After that, jail medical staff ordered that he be transported to the hospital, and the jailers transported him. He received inpatient wound care and was discharged. *See id.* at pp. 32–33. Finally, he received post-surgical wound care at the jail—except on the few occasions that he refused treatment. *See id.* at 127; Doc. 78-2, pp. 10, 27; Doc. 78-3, p. 26.

Mr. Carrier's Objections to the R&R dwell on the fact that he contracted a serious infection while incarcerated. Certainly, it is unfortunate that he became ill. But on

summary judgment, Mr. Carrier was obligated to point to some evidence to prove not only that he suffered a serious medical need but also that Defendants were deliberately indifferent to it. "'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The Court agrees with the Magistrate Judge that this case should be dismissed on summary judgment. The Objections are **OVERRULED**.

**IT IS ORDERED** that the R&R is **ADOPTED IN FULL**, and Defendants' Motions for Summary Judgment (Docs. 78 & 81) are **GRANTED.** The case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this 11th day of December, 2025.

*/s/ Timothy L. Brooks*
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE